## MATTHEWS v. TIBBITT.
### No. 8775.

Court of Civil Appeals of Texas. Austin.
Oct. 5, 1938.

. Callaway & Callaway, of Brownwood, for appellant.

W. J. Gerron and I. J. Burns, both of Brady, for appellee.

BAUGH, Justice.

Tibbitt sued Matthews for $242.08, as penalty for usurious interest alleged to have been charged him on a note executed by Tibbitt and payable to Matthews. Trial was to the court without a jury and judgment rendered for Tibbitt in the sum of $151.44, on the ground that Matthews had charged and collected from him $75.72 interest on a loan of $458.88, made by Matthews to Tibbitt, payable in monthly installments of $48.60 each, for which he had executed his note for the aggregate sum of $534.60; hence this appeal.

The case arose as follows: On February 12, 1935, Tibbitt purchased an automobile from R. E. Meers, for which he paid $172 in cash and executed his note to Meers for $964.16, secured by a mortgage on the automobile, payable in twelve monthly installments—eleven for $30 each and the twelfth for $462.16. This note, Meers, automobile agent who resided in and did business in Brady, McCulloch County, Texas, sold and transferred by indorsement to Matthews, who resided in Brownwood, Brown County, Texas. When the last installment on said note became due, Tibbitt was unable to pay it, and on February 24, 1936, made written "application for a loan" to A. S. Meers at Brady which application contained, among other things, the following:

"Representing all the above statements to be true and correct, I, or we, the undersigned, hereby apply to A. S. Meers, Brady, McCulloch County, Texas, for a monthly payment loan, secured by chattel mortgage and note of even date in the amount of $534.60, the proceeds of which are to be disbursed and applied as follows, agreeing that the deductions as agreed upon below are hereby authorized by me or (us):

"$19.60 interest at 8% per annum to be deducted from above described note.

"$21.12 fire and theft insurance premium.

"$35.00 service charge as agreed on below to be deducted from above described note.

"$534.60 total of note.

"I offer as security chattel mortgage on the following:"

At the same time he executed said application he also executed a mortgage on said automobile to A. S. Meers, reciting

504

that he owed Meers $534.60. The caption of this mortgage, being on a printed form, read: "Purchase Contract and Mortgage for Negotiation to R. O. Matthews & Co. Brownwood, Texas." Attached to said mortgage was a printed form note payable to R. O. Matthews & Co. at Brownwood, Texas. The dates and amounts of this note were filled in by Meers in the sum of $534.60, payable in eleven monthly installments of $48.60 each, and the note signed by Tibbitt. It is not controverted that Matthews and others, were purchasers of automobile paper at a discount in this territory and had, at the request of Meers, left printed forms for such contracts with Meers, as had other purchasers of such negotiable paper and security. Meers merely used the forms furnished and made such changes therein as might be necessary. Matthews had no dealings with Tibbitt in connection with this transaction. He offered testimony to show that in the instant case the failure to strike out the name, "R. O. Matthews & Co.", printed in the note as payee, and insert in lieu thereof that of A. S. Meers, as was done in the mortgage, was inadvertent and an oversight, which testimony was excluded by the trial court, and its exclusion is the basis of appellant's first assignment of error.

■ It is not controverted that Meers paid Matthews by his personal check the $462.16 due Matthews as the last payment on the original note against Tibbitt purchased by Matthews, on which Meers was liable as indorser. Tibbitt himself testified that he had no dealings with Matthews, that Meers was furnishing him the money and was to get a loan for him. Clearly, we think, in view of the facts and circumstances, the variance between the payee named in the note and the one named in the mortgage, and the fact that the note and mortgage were regularly indorsed by Meers to Matthews, the testimony excluded should have been admitted. And when so considered, being uncontradicted, it clearly shows that said note was intended to be made payable to Meers, who had furnished the $462.16 to pay off the balance due on the old note.

After the transaction between Meers and Tibbitt was completed, Meers indorsed the note and mortgage, attached to it Tibbitt's application to him for a loan, an insurance policy on the car, and sent them all with draft attached on Matthews for $458.88 to a bank in Brownwood. After inspection thereof by Matthews he paid the draft, and thereafter collected said note in full. It does not appear to be controverted that Matthews was under no obligation to purchase this paper from Meers, and could have rejected it had he so desired, in which event Meers could have either carried the note and mortgage himself, or have negotiated it elsewhere. Meers and Matthews both testified that Meers had no authority to represent Matthews as the latter's agent either to loan Matthews' money or to purchase notes for him.

■ The trial court found that Tibbitt obtained a loan from Matthews for $458.-88 for which the $534.60 note was executed, and that the difference of $75.72 was collected by Matthews as usurious interest on that sum. Manifestly this finding can not be sustained under record and undisputed facts. Either Meers loaned Tibbitt the $462.16 with which the balance on Tibbitt's original note, held by Matthews by purchase from Meers, was paid off (not $458.88), and sold to Matthews the new note executed by Tibbitt; or Meers acted as broker for Tibbitt in securing a new loan to take up and discharge the old note. If in the latter capacity, which appears to be the real transaction involved, Meers was entitled to compensation for his expenses and services as such broker, and either to collect same from the borrower, or to include it in the principal of the borrower's note. And these charges are not to be treated as interest. Nevels v. Harris, Tex. Civ.App., 95 S.W.2d 1315; Id., 129 Tex. 190, 102 S.W.2d 1046, 109 A.L.R. 1464; 40 Tex.Jur., § 41, p. 933. No contention is made that the $35 charge which Tibbitt agreed in his application to pay Meers for his services was unreasonable. Nor is it controverted that an insurance policy was procured on said car and delivered to Matthews for which Tibbitt did not pay. Manifestly this item of expense was borne by Meers. This expense item obviously could not be treated as interest, and, assuming that the transaction was otherwise usurious, accrue to the benefit of Tibbitt, because he did not pay it as interest on what he borrowed. In no event could Tibbitt treat the $458.88, which Matthews paid to Meers for said note, as the principal borrowed by him. He admittedly owed a debt of $462.16 to Matthews, which was discharged, and should be treated as the principal of said

loan, even if the other items which Tibbitt agreed to pay in his application for a loan be disregarded.

The suit being one for penalty under Art. 5073, R.S., it must be strictly construed, and where a transaction may be construed in two ways, one of which renders it legal and the other renders it illegal, it will be presumed that the parties intended to make a legal contract.

Because of the errors pointed out the judgment of the trial court is reversed and the cause remanded.

Reversed and remanded.